United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| **United States of America,** | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 21-10343-NMG |
| **Malik D. Bean-Bousseau,** | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Defendant Malik Bean-Bousseau ("Bean-Bousseau" or "defendant") is awaiting trial subject to a detention order entered by Magistrate Judge Jennifer C. Boal. Pending before the Court is Bean-Bousseau's motion for reconsideration and revocation of that order (Docket No. 43) and supplement thereto (Docket No. 61). Defendant's motion, for the following reasons, will be denied.

**I. Background**

On August 2, 2021, following several months of physical and video surveillance, law enforcement officers executed state search warrants on Apartment A311 at One Mansfield Avenue, Mansfield, Massachusetts ("the Apartment"). Bean-Bousseau was leaving the Apartment at the time that law enforcement initiated its search. Inside the Apartment, officers found nearly 700 grams of cocaine, 273 grams of cocaine base, two digital scales,

a Ruger 5.7mm semi-automatic handgun, a Glock 9mm semi-automatic handgun with an obliterated serial number, and ammunition for both handguns.  Officers searched Bean-Bousseau and found 123 grams of fentanyl, 13 additional grams of cocaine base, about $2,800 in cash, and a key fob for the Apartment.  Bean-Bousseau was arrested and taken into state custody.

On November 30, 2021, a federal grand jury charged Bean-Bousseau with conspiracy to distribute and possess with intent to distribute 40 grams or more of fentanyl and 500 grams or more of cocaine, in violation of 21 U.S.C. § 846, and with distribution and possession with intent to distribute 40 grams or more of fentanyl and 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and 841(b)(1)(B)(vi), as well as aiding and abetting, in violation of 18 U.S.C. § 2.  The grand jury also charged Bean-Bousseau with possession of a firearm in furtherance of drug trafficking activity, in violation of 18 U.S.C. § 924(c), and with possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k).  Taken together, the charges in the four-count indictment carry a mandatory minimum sentence of 10 years.

II.  **Motion for Revocation of Detention Order**

    **A. Legal Standard**

Section 3142(e) of Title 18 of the United States Code provides that a judicial officer may detain a defendant pending trial if, after a hearing, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required or the safety of any other person and the community. 18 U.S.C. § 3142(e).  The government bears the burden of demonstrating that the defendant poses a danger to the community by clear and convincing evidence or that the defendant poses a flight risk by a preponderance of the evidence. See 18 U.S.C. § 3142(e)-(f).

In determining whether conditions of release exist that would reasonably assure the appearance of the defendant and the safety of the community, the Court must consider 1) the nature and circumstances of the offense, including whether the offense involves controlled substances or firearms, 2) the weight of the evidence against the defendant, 3) the defendant's history and characteristics and 4) the nature and seriousness of the danger that would be posed by release. 18 U.S.C. § 3142(g).

Due to the controlled substance and firearms offenses with which the defendant has been charged here, there is a rebuttable presumption under 18 U.S.C. § 3142(e)(3) that no conditions of release would reasonably assure the safety of the community.  If

the defendant produces "some evidence" to rebut that presumption, then "[t]he burden of persuasion remains on the government and the rebutted presumption retains evidentiary weight." United States v. Cooper, 570 F. Supp. 3d 15, 17 (D. Mass. 2021) (quoting United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991)).

A person ordered detained by a magistrate judge may file a motion in the district court with original jurisdiction over the offense seeking review of the magistrate judge's order. 18 U.S.C. § 3145(b).  The district court must engage in de novo review of the contested order. United States v. Oliveira, 238 F. Supp. 3d 165, 167 (D. Mass. 2017).

### B. Application

The government seeks to detain Bean-Bosseau based upon the risk of danger his release would pose to the community.  Bean-Bousseau does not dispute the application of a presumption of detention under 18 U.S.C. § 3142(e)(3), but he contends that he has rebutted the presumption and that the government has failed to meet its burden.  Bean-Bousseau proposes that he would comply with a variety of conditions of release, including those recommended by the United States Probation Office, that would allow him to be released without endangering the community.

Bean-Bousseau indicates that he would surrender or not obtain a passport, comply with travel restrictions, stay away

from victims of and/or locations related to the charged offenses, possess no weapons, report as frequently as ordered to a probation officer, maintain his residence with his aunt, and abide by any curfew imposed by the Court.  Bean-Bousseau also compares his situation to that of a codefendant who was released subject to certain conditions.  Having reviewed the relevant evidence in light of the 18 U.S.C. § 3142(g) factors, however, the Court concludes that the government has met its burden of demonstrating that no condition or combination of conditions of release would reasonably assure the safety of the community.

Bean-Bousseau is charged with serious drug trafficking and firearms offenses.  The Court is particularly concerned that two semi-automatic, high-capacity handguns were found at the Apartment alongside significant quantities of cocaine and cocaine base.  One of the two handguns was found with an obliterated serial number, possession of which is itself a federal crime.

There is substantial evidence connecting Bean-Bousseau to the Apartment, which the government describes as a "stash" house.  Bean-Bousseau was found leaving the Apartment when law enforcement executed its search warrant, he was in possession of a key fob allowing him access to the Apartment, and his text messages indicate that he made rental payments on the Apartment and used its parking lot.  Months of physical and video

surveillance of the Apartment conducted by investigators prior to the search also indicate that Bean-Bousseau used and controlled the Apartment.

In addition to the drugs and firearms recovered at the Apartment, there was further evidence of criminal activity recovered from his person. Bean-Bousseau was apprehended by law enforcement in possession of 123 grams of fentanyl and 13 grams of cocaine base. As the government points out, that quantity of fentanyl alone is more than enough to trigger the five-year mandatory minimum sentences on the 21 U.S.C. § 846 and 21 U.S.C. § 841 charges.

Bean-Bousseau's criminal history, which includes a recent conviction for aggravated battery in Florida, and his lack of consistent employment over the past seven years also weigh in favor of detention. Consequently, the nature and circumstances of the offenses, the weight of the evidence, the criminal history of the defendant, and the nature and seriousness of the danger to the community posed by release all favor detention. See 18 U.S.C. § 3142(g)(1)-(4).

The Court thus finds, by clear and convincing evidence, that release of the defendant would pose a danger to the community and finds, regrettably, that there is no condition or combination of conditions that would reasonably assure the safety of the community.

**ORDER**

For the foregoing reasons, the motion of defendant Malik Bean-Bousseau for revocation of the detention order (Docket Nos. 43 and 61) is **DENIED**.

**So ordered.**

                                              /s/ Nathaniel M. Gorton
                                              Nathaniel M. Gorton
                                              United States District Judge

Dated:  September 7, 2022